UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MOHAMMAD N. KHAN** | **CIVIL ACTION NO. 5:15-cv-2602** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **WILLIE SHAW, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Mohammad N. Khan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 28, 2015. Plaintiff is an inmate in custody at the Caddo Corrections Center (CCC); he is awaiting trial on charges of operating a vehicle while intoxicated, fourth offense; with respect to the pending charges, it appears that he was arrested and booked into the CCC on March 2, 2015.[1]

He complains that he was "... illegally and unlawfully arrested ... without justification or probable cause..." on February 14, 2014, by Officer Prothro of the Shreveport Police Department. He sued Prothro and Chief of Police Willie Shaw praying for compensatory and punitive damages. On December 14, 2015, plaintiff was directed to amend his complaint to provide a more definite statement of his claims. Among other things plaintiff was directed to "... amend his pleadings to demonstrate whether the charges he complains of are the same as the pending charges; or, whether he was convicted of the charges or other charges arising out of the February 2014 arrest."  Plaintiff was informed that should he ultimately be convicted of the pending

---

[1] See http://caddosheriff.org/inmates/?lastNameChar=K  (Booking Charges #201500199323)

charges, he may not be entitled to seek compensatory damages for wrongful arrest, detention, and prosecution until such time as the conviction in question has been declared invalid.[2] Plaintiff was given a period of 30 days or until January 13, 2016, within which to amend his complaint to provide the information needed to conclude the initial review. [Doc. 6] Plaintiff has not responded to the Court's directive.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

---

[2] See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487. *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was ordered to amend his complaint within 30 days of December 14, 2015. He has ignored that order. Dismissal of the complaint is warranted.[3]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[3] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order. However, he has ignored that order. Further, he has not contacted the Court since December 3, 2015, when he inquired about the status of his complaint. It thus appears that he is no longer interested in pursuing his claims.

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 16, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**